FILED

2010 JAN -8  AM 9: 54

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br>vs.<br><br>ALFONSO RAMIREZ-FLORES,<br><br>                     Defendant. | CASE NO. 07-CR-1006 BEN<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>[Docket No. 24] |

      Before this Court is a Motion by Defendant Alfonso Ramirez-Flores, titled "seeking relief under Rule 35." The Motion seeks a reduction in Defendant's sentence based on Defendant's illness. For the reasons set forth below, the Motion is **DENIED**.

      Federal Rule of Criminal Procedure 35 provides, in relevant part, "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed.R.Crim.P. 35(a). Here, Defendant does not contend the Court erred in sentencing. Therefore, relief under Rule 35 is not justified. The Court notes the other provisions of Rule 35 are not available to Defendant, as those provisions permit a reduction in sentencing where a defendant provides substantial assistance to the government during an investigation. Fed.R.Crim.P. 35(b). Those facts are not present here.

      Even if the Court were to construe the Motion as a motion for reconsideration under Rule 60 of the Federal Rules of Civil Procedure, relief must be denied. Rule 60 provides, in relevant part, that relief from a final judgment is available for:

      (1) mistake, inadvertence, surprise, or excusable neglect;
      (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
      (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
      (4) the judgment is void;
      (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
      (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Here, Defendant states his medical needs warrant relief from his sentence. However, the Court notes that, pursuant to the records from the Federal Bureau of Prisons, Defendant was released from custody on April 4, 2008. Therefore, the Court finds this issue moot and **DENIES** the Motion accordingly.

**IT IS SO ORDERED.**

Dated: January 07, 2010

Hon. Roger T. Benitez
United States District Court